**FILED**

UNITED STATES DISTRICT COURT 2004 MAY 19 P 1: 55
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| BOY SCOUTS OF AMERICA, and : | |
| CONNECTICUT RIVERS COUNCIL, : | |
| BOY SCOUTS OF AMERICA : | CIVIL ACTION NO. |
|     *Plaintiffs* : | 300CV1047WWE |
| : | |
|     v. : | |
| : | |
| NANCY WYMAN in her capacity as : | |
| Comptroller of the State of Connecticut : | |
| and as a member of the Connecticut : | |
| State Employee Campaign Committee; : | |
| et al. : | |
|     *Defendants* : | MAY 18, 2004 |

## MOTION TO TERMINATE ESCROW ACCOUNT
## AND DISBURSE FUNDS

The Defendants hereby move for an order terminating the escrow account that

was established by an order of this Court and for an order allowing the Defendants to

disburse the funds in said escrow as more fully described below. In support of this mo-

tion, the Defendants represent the following:

    1.    On June 26, 2000 this Court ordered the establishment of an escrow ac-

count for all funds that Connecticut State employees designate and authorize to be de-

ducted from their paychecks for donation to Boy Scouts of America, Connecticut Rivers

Council Boy Scouts of America, and any other local Boy Scout council located in Con-

necticut (collectively "Boy Scouts") that participates in the Connecticut State Employees

Campaign for Charitable Giving ("Campaign") and for all undesignated funds to which Boy Scouts would be entitled under the rules and regulations of the Campaign;

2.      Since said date the escrow account has been maintained, as provided under said order and subsequent orders of this Court, by the State Treasurer in an interest bearing account within the State's Short Term Investment Fund, established pursuant to Conn. Gen. Stat. § 3-27a;

3.      On July 9, 2003, the Court of Appeals for the Second Circuit affirmed this Court's decision on cross motions for summary judgment, which upheld certain declaratory rulings of the Connecticut Commission on Human Rights and Opportunities and the defendants' compliance with said rulings. The Second Circuit's decision is reported at 335 F.3d 80 (2d Cir. 2003);

4.      On March 8, 2004, the United States Supreme Court denied the Boy Scouts' petition for a writ of certiorari from the Second Circuit at ___ U.S. ___, 124 S.Ct. 1602 (2004);

5.      The litigation of this case on the merits is now concluded and the Defendants' removal of the Boy Scouts from the Campaign has been affirmed nunc pro tunc;

6.      On May 11, 2004, the Campaign notified all state employees who are currently participating in the current Year 2003 Campaign (for calendar year 2004) by making contributions through payroll deductions to the Boy Scouts ("the donors"), that prospective contributions and deductions for the Boy Scouts shall terminate effective May 27, 2004;

7.    The Campaign now desires to disburse the accumulated funds in the escrow account;

8.    This Court's orders pertaining to the said escrow account provide that "such funds shall be available for disbursement within (5) business days pursuant to further order of the Court."

Based upon the foregoing facts, the Defendants pray for an order terminating the escrow account and allowing the Campaign to disburse the funds accumulated in the escrow account from the inception of this litigation, including interest earned, in accordance with the following provisions:  (1) The Campaign shall make reasonable efforts to notify all affected donors in writing of their options to (a) receive a full refund of their escrowed contribution with interest or (b) redesignate their escrowed contribution with interest to another participating charity (or charities) of the donor's choice or (c) have their escrowed contribution with interest added to the pool of undesignated funds for distribution to participating Campaign charities in accordance with the Campaign's rules and practices; (2) As to all donors whom the Campaign is unable to notify, or who do not respond within a reasonable time specified by the Campaign, their escrowed

contributions, with interest, shall be added to the pool of undesignated funds for distribution to participating charities in accordance with the Campaign's rules and practices.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
William J. Prensky
Assistant Attorney General
Federal Bar No. ct08643
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5270
Fax: (860) 808-5385
Email: William.Prensky@po.state.ct.us

## CERTIFICATION

I hereby certify that on May 18, 2004 a copy of the foregoing Motion to Terminate

Escrow Account and Disburse Funds was mailed via first class mail postage prepaid, to:

George A. Davidson, Esq.
Carla A. Kerr, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004

Daniel L. Schwartz, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut  06901

C. Joan Parker, Esq.
Assistant Commission Counsel II
Commission on Human Rights & Opportunities
21 Grand Street
Hartford, CT 06106-1507


William J. Prensky
Assistant Attorney General