UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - x
BOY SCOUTS OF AMERICA and              :
CONNECTICUT RIVERS COUNCIL, BOY        :
SCOUTS OF AMERICA,                     :
                                       :   Case No. 300CV1047 (WWE)
                         Plaintiffs,   :
                                       :
        -against-                      :
                                       :
NANCY WYMAN in her capacity as Comptroller :
of the State of Connecticut and as a member of the :
Connecticut State Employee Campaign Committee; :
CAROL CARNEY in her capacity as Chair of the :
Connecticut State Employee Campaign Committee; :
and MARGARET DIACHENKO, RICHARD        :
EMONDS, PALUEL FLAGG, CHRISTINE        :
FORTUNATO, BURTON GOLD, CAROL          :
GUILIANO, CAROL HAMILTON, MARILYN      :
KAIKA, JOAN KELLY-COYLE, D'ANN         :
MAZZOCCA, BERNARD MCLOUGHLIN,          :
MICHAEL NICHOLS, WILLIAM PHILIE,       :
CHERYL SWAIN and NOEL THOMAS in their  :
capacities as members of the Connecticut State :
Employee Campaign Committee,           :
                                       :
                         Defendants.   :   JUNE 1, 2004
- - - - - - - - - - - - - - - - - - - - - - - - x
```

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TERMINATE ESCROW ACCOUNT AND DISBURSE FUNDS

Plaintiffs Boy Scouts of America and Connecticut Rivers Council, Boy Scouts of America (together "Boy Scouts") respectfully submit this response to defendants' motion to terminate the escrow account and disburse funds.  While Boy Scouts agree that it is appropriate to terminate the escrow account and provide for the disbursement of the funds held therein, the method of disbursement proposed by the defendants does not adequately inform the affected employees of their options or protect the expressed intent of the individual State employees who

NY 851879_1.DOC

wished that their donations be utilized to benefit the Connecticut youth that participate in Scouting. Attached as Exhibit A is a proposed notice that differs in three material respects from the notice described in defendants' motion.

First, the affected employees should be informed that they may still contribute to Boy Scouts. As this Court is aware, the escrow account includes donations by individual State employees who specifically directed their contributions to one of four participating Boy Scout Councils in Connecticut. Clearly, these employees originally intended that the money that is currently in escrow be forwarded to Boy Scouts. While the State of Connecticut may no longer act as an intermediary for employee donations to Boy Scouts, there is no dispute that these individual employees may still lawfully contribute directly to Boy Scouts. Thus, given their previously expressed intent to make contributions to Boy Scouts, the employees should be made aware that, among their other options, they may still lawfully contribute directly to Boy Scouts and may use the escrowed funds which are returned to them to do so. The proposed notice should be revised to make this clear.

Second, the employees whose intention to contribute to Boy Scouts has not changed should be provided with the information necessary to use the returned money to do so. Inclusion of this information is necessary since the employees who wish to contribute to Boy Scouts may not be aware of any method to do so other than through the State Charitable Campaign of which the Boy Scout Councils were a part for more than 30 years. Thus, to better effectuate the intent of all the affected employees, the proposed notice should also contain addresses where interested employees can send the returned contributions to the four Boy Scout Councils.

Finally, the affected employees should be provided with a sufficient amount of time to decide what to do with their escrowed contributions. While the defendants propose that "a

reasonable time specified by the Campaign" will be sufficient, Boy Scouts believe that the Court should prescribe a period of no less than 30 days to ensure that all affected employees and former employees are given the opportunity to receive the notice, evaluate their options, and return their response to the Campaign.

## CONCLUSION

For the foregoing reasons, the Court should require the State to disburse the funds in the escrow account in accordance with the intentions of the affected employees as expressed through the employees' response to the letter attached as Exhibit A.

Date: June 1, 2004

>Respectfully submitted,
>
>BOY SCOUTS OF AMERICA and
>CONNECTICUT RIVERS COUNCIL,
>BOY SCOUTS OF AMERICA
>
>By: _____
>   Daniel L. Schwartz (CT09862)
>   DAY, BERRY & HOWARD LLP
>   One Canterbury Green
>   Stamford, Connecticut 06901
>   Telephone: (203) 977-7300
>   Fax: (203) 977-7301
>
>   George A. Davidson (CT21506)
>   Carla A. Kerr
>   HUGHES HUBBARD & REED LLP
>   One Battery Park Plaza
>   New York, New York 10004
>   Telephone: (212) 837-6000
>   Fax: (212) 422-4726
>
>   Attorneys for Boy Scouts of America and
>   Connecticut Rivers Council, Boy Scouts
>   of America June 1, 2004

NY 851879_1.DOC

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent by first class mail, postage prepaid, this 1st day of June, 2004 to:

>William J. Prensky, Esq.
>Assistant Attorney General
>55 Elm Street
>P.O. Box 120
>Hartford, CT  06141-0120
>
>C. Joan Parker, Esq.
>Assistant Commission Counsel II
>Commission on Human Rights &
>     Opportunities
>21 Grand Street
>Hartford, CT  06106-1507

_____
Daniel L. Schwartz

NY 851879_1.DOC

# EXHIBIT A

Dear current or former Connecticut State Employee:

This letter is being sent to you because you generously donated to one of four Councils of the Boy Scouts of America through the Connecticut State Employees' Charitable Campaign (the "Campaign") during the period from 1999 through 2003.

In 2000, the Connecticut Commission on Human Rights and Opportunities ruled that the Campaign would be violating Connecticut's Gay Rights Law if it continued to permit Boy Scout Councils to participate in the Campaign. In accordance with this ruling, the Campaign removed Boy Scout Councils from further participation in the Campaign. Boy Scouts filed a lawsuit in federal court seeking to prevent its exclusion from the Campaign. The case has now concluded and the Campaign's decision to remove Boy Scouts has been upheld. By court order, all employee contributions to Boy Scout Councils during the pendency of Boy Scouts' lawsuit were held in an escrow account. Now that the lawsuit has been concluded, the funds must be disbursed in accordance with the wishes of you, the contributing employee.

As one of the donors whose contributions have been held in escrow, you now have the following options: (1) receive a full refund of your contribution with interest, a total of \_\_\_\_; (2) redesignate your escrowed contribution with interest to another participating charity or charities of your choice; or (3) have your escrowed contribution with interest added to the pool of undesignated funds for distribution to all participating Campaign charities.

While the Boy Scout Councils will no longer be participating in the Campaign, you may lawfully contribute directly to the Councils and are free to use your refunded escrow contribution to do so. The Council addresses are as follows:

Connecticut Rivers Council
60 Darlin Street
East Hartford, Connecticut 06128

Connecticut Yankee Council
P.O. Box 32
60 Wellington Road
Milford, CT 06460

Greenwich Council
63 Mason Street
Greenwich, Connecticut 06830

Housatonic Council
326 Derby Avenue
Derby, Connecticut 06418

Please notify me by \_\_\_\_, 2004 (within 30 days of the date of this letter) which of these three options you wish to choose. If you do not respond by this date, your escrowed contribution with interest will be added to the pool of undesignated funds for distribution to all participating charities.

Thank you again for your participation in the Campaign.

NY 851879_1.DOC