```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

BOY SCOUTS OF AMERICA, and     :   3:00cv1047 (WWE)
CONNECTICUT RIVERS COUNCIL,    :
BOY SCOUTS OF AMERICA,         :
     Plaintiffs                :
                               :
v.                             :
                               :
NANCY WYMAN, in her capacity   :
as Comptroller of the State    :
of Connecticut and as a member :
of the Connecticut State       :
Employee Campaign Committee;   :
CAROL CARNEY in her capacity   :
as Chair of the Connecticut    :
State Employee Campaign        :
Committee; and MARGARET        :
DIACHENKO, RICHARD EMONDS,     :
PALUEL FLAGG, CHRISTINE        :
FORTUNATO, BURTON GOLD, CAROL  :
GUILIANO, CAROL HAMILTON,      :
MARILYN KAIKA, JOAN            :
KELLY-COYLE, D'ANN MAZZOCCA,   :
BERNARD McLOUGHLIN, MICHAEL    :
NICHOLS, WILLIAM PHILIE,       :
CHERYL SAWINA, and NOEL THOMAS :
in their capacities as members :
of the Connecticut State       :
Employee Campaign Committee,   :
     Defendants                :
```

**RULING ON MOTION TO TERMINATE ESCROW ACCOUNT AND DISBURSE FUNDS**

This action arises from a declaratory ruling requested by the Connecticut State Employees Campaign Committee ("Committee"), and issued by the Connecticut Commission on Human Rights and Opportunities ("CHRO"), regarding whether the Committee must permit the Boy Scouts of America, and Connecticut Rivers Council,

1

Boy Scouts of America, collectively a private organization that may legally discriminate on the basis of sexual orientation ("BSA"), the opportunity to participate in the state's workplace charitable campaigns.  The CHRO issued its declaratory ruling to the Committee, to the effect that the state would be in violation of Connecticut's Gay Rights Law if the Committee were to retain the BSA in its campaign.  The BSA initiated this litigation to enjoin the Committee from excluding it from the Year 2000 Campaign and future campaigns, and to ensure its receipt of state donations already directed to it in the 1999 state campaign.

The present action was commenced on June 7, 2000, by the BSA filing a motion for temporary restraining order and preliminary injunction.  The BSA sought to enjoin the defendants from reallocating undistributed donations designated to Boy Scout councils during the 1999 Campaign, and to enjoin them from "failing to take all necessary steps to ensure the inclusion of Boy Scout councils in Connecticut as participants in the 2000 Charitable Campaign."

The Court heard oral argument on the preliminary injunction on June 19, 2000, and on June 26, 2000, the Court ordered the defendants to refrain from distributing any charitable donations made by Connecticut state employees to the BSA, but instead to

establish an escrow account[1] and deposit into it all funds that Connecticut State employees designated and authorized to be deducted from their paychecks for donation to the BSA in the 1999 Campaign, and all undesignated funds to which the BSA would be entitled under the rules and regulations of the Campaign.  The Committee had taken no action with regard to the Year 1999 Campaign, and the BSA continued to receive state employee donations right up to the time the Court issued the order establishing the escrow account.

On July 23, 2002, this Court ruled on the parties' cross-motions for summary judgment, denying the plaintiff's motion, and granting defendant-intervenor CHRO's motion for summary judgment. Boy Scouts of America v. Wyman, 213 F.Supp.2d 159 (D.Conn. 2002). The Second Circuit Court of Appeals affirmed this Court's ruling on July 9, 2003. Boy Scouts of America v. Wyman, 335 F.3d 80 (2nd Cir. 2003).  The United States Supreme Court denied certiorari on March 8, 2004. Boy Scouts of America v. Wyman, 124 S.Ct. 1602 (2004).  On August 12, 2003, the Court granted a motion by BSA to maintain the status quo of the escrow account pending the final outcome of the appeals process.  Pending before the Court is a motion by the defendants to terminate the escrow account that was

---

[1] All escrowed funds are held and maintained by the State Treasurer in an interest-bearing account within the State's Short Term Investment Fund, established pursuant to Conn. Gen. Stat. § 3-27a, and such funds are to be available for disbursement within five business days pursuant to further order of this Court.

established by order of this Court on June 26, 2000, and to disburse the funds which have accumulated in the escrow account from the inception of this litigation, including interest earned.

DISCUSSION

The defendants advise the Court that they would like the funds disbursed in accordance with the following provisions: (1) The Connecticut State Employees Campaign For Charitable Giving ("Campaign") shall make reasonable efforts to notify all affected donors in writing of their options to (a) receive a full refund of their escrowed contribution with interest or (b) redesignate their escrowed contribution with interest to another participating charity (or charities) of the donor's choice or (c) have their escrowed contribution with interest added to the pool of undesignated funds for distribution to participating campaign charities in accordance with the campaign's rules and practices; (2) As to all donors whom the campaign is unable to notify, or who do not respond within a reasonable time specified by the campaign, their escrowed contribution, with interest, shall be added to the pool of undesignated funds for distribution to participating charities in accordance with the campaign's rules and practices.

The plaintiff BSA objects to the method of disbursement proposed by the defendants, asserting that "while it is appropriate to terminate the escrow account and provide for the

disbursement of the funds held therein, the method of disbursement proposed by the defendants does not adequately inform the affected employees of their options or protect the expressed intent of the individual State employees who wished that their donations be utilized to benefit the Connecticut youth that participate in Scouting."  BSA first proposes that the affected employees should be informed that they may still lawfully contribute to the Boy Scouts and that they may use the escrowed funds that are returned to them to do so.  BSA states that the notice proposed by the defendants should be revised to make this clear.  Next, BSA requests that the proposed notice should provide employees who wish to contribute to the Boy Scouts with the information necessary to do so, including addresses where interested employees can send the returned contributions to the four Boy Scout Councils in Connecticut. Finally, BSA requests that the affected employees should be provided with a sufficient amount of time to decide what to do with their escrowed contributions.  BSA believes that the Court should prescribe a period of time of no less that 30 days to ensure that all affected employees and former employees are given the opportunity to receive notice, evaluate their options, and return their response to the campaign.

   The defendants have no objection to the thirty day window within which an employee may make a decision with respect to

disbursement.  However, the defendants object to the first two proposed statements requested by BSA, based on the prohibitions under Conn. Gen. Stat. §§ 46a-81d, 46a-81i, and 46a-81l, and the law of this case as memorialized in <u>Boy Scouts of America v. Wyman</u>, 335 F.3d 80 (2nd Cir. 2003), *cert. denied* <u>Boy Scouts of America v. Wyman</u>, 124 S.Ct. 1602 (2004).  The defendants reiterate that Connecticut's nondiscrimination law prohibits every state facility, which includes the Connecticut State Employees Campaign for Charitable Giving, from being used in furtherance of prohibited discrimination, and that no state agency can be a party to any agreement, arrangement or plan which has the effect of sanctioning discrimination.  Defendants assert that "by expressly singling out the Boy Scouts, an organization which admittedly discriminates on the basis of sexual orientation, in a State-issued notice to State employees, as well as providing directions for making donations to the Boy Scouts, the State would be furthering such discrimination and would clearly be a party to an arrangement or plan that has the effect of sanctioning such discrimination."

   The Court concurs.  Connecticut's nondiscrimination law has been tested and upheld in court, and BSA's proposed language in the state's Campaign notification would violate Connecticut law.  The Court also suggests that BSA underestimates the sophistication of state employees who wish to continue to

6

contribute to the youth of Connecticut, and credits state employees with the ability to find the information and addresses of their own accord.  For the reasons set forth above, the Court will grant the defendants' motion to terminate the escrow account and disburse the funds.

CONCLUSION

The defendants' motion to terminate escrow account and disburse funds (Doc. #84) is GRANTED.  The funds, including interest earned, shall be made available for disbursement within five days of the filing of this ruling, according to the provisions outlined in the defendants' motion.  In addition, the defendants shall include a provision in the notification to State employees which will allow the affected state employees 30 days in which to make their decision regarding redesignation or return of the affected contribution.

SO ORDERED this 20th day of July, 2004, at Bridgeport, Connecticut.

```
               /s/
        _____
        WARREN W. EGINTON, Senior U.S. District Judge
```